AO 91 (Rev. 5/85) Criminal Complaint                               AUSA KAY/SA ARN (Customs)

# United States District Court

____SOUTHERN____ DISTRICT OF _____

UNITED STATES OF AMERICA

V.                                                        CRIMINAL COMPLAINT

Michel Deloris REID

CASE NUMBER: $00-4239-SNOW$

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __October 14, 2000,__ in __Broward__ county, in the __Southern__ District of __Florida__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally import into the United States from a place outside thereof, and did knowingly and intentionally possess with intent to distribute, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance,

in violation of Title __21__ United States Code, Section(s) __952(a) & 841(a)(1)__

I further state that I am a(n) __Special Agent Cari Arn__ and that this complaint is based on the following
                                        Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:   [x] Yes  [ ] No

_____
Signature of Complainant
Cari Arn
Special Agent, Customs

Sworn to before me, and subscribed in my presence,

October 16, 2000                                          at Ft. Lauderdale, FL
Date                                                      City and State

LURANA S SNOW USMJ              _Lurana S. Snow_
Name and Title of Judicial Officer
LURANA S. SNOW

## AFFIDAVIT

I, Cari Arn, being duly sworn, do hereby depose and state the following:

1.  I am employed as a Special Agent with the United States Customs Service ("Customs"), Department of the Treasury, and have been so employed since 1986. Formerly, I was employed as a Special Agent with the Bureau of Alcohol, Tobacco and Firearms for three years. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and have been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2.  On October 14, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale/Hollywood International Airport from Kingston, Jamaica, onboard Air Jamaica Flight #87. Michel Deloris REID arrived on this flight and was referred for a secondary Customs inspection. During routine questioning, REID stated that she was a Jamaican citizen and had only visited the United States on two previous occasions. This information was verified. REID stated that she was coming to Florida for a family reunion in Opalocka. When asked the name of the family, REID hesitated and then stated "Murdock". REID did not, however, know the address of the Murdock family. REID's

baggage, which consisted of one checked bag and one carry-on bag, was inspected and found to contain over fifteen (15) bottles of cooking sauces, in two different sizes. REID stated that the sauces were for the reunion. Customs Inspector Haye believed that the bottles seemed overly heavy, based on their sizes and liquid contents. A few of the bottles were X-rayed, but appeared normal. One of the bottles was opened and probed with a bent clothes hanger. A hard substance was discovered several inches from the top of the bottle, making it impossible for the probe to reach the bottom of the bottle.

3. Two of the bottles were then broken open, one of each size. The contents of both bottles revealed egg shaped balls of a white powdery substance rolled up in black plastic tape. The powder inside field tested positively for cocaine. All of the other bottles were then opened and probed. Fourteen (14) bottles contained other "eggs". It was also noted that all of the bottles containing the "eggs" had been cut at the bottom of the bottles, around the circumference of the bottles. The few bottles that contained only sauce had no visible cut lines.

4. Based on the sizes and weights of the two "eggs" in the broken bottles, it was estimated that the weight of all of the cocaine hidden in the sauce bottles was 1.418 kilograms.

5. REID was advised of her rights per Miranda and refused to speak to Agents.

6. Your affiant submits that based on the facts described above, there exists probable cause to believe that Michel REID did knowingly import into the United States, from a place outside thereof, a Schedule

II controlled substance, with intent to distribute said substance, in violation of Title 21, United States Code, Sections 952(a) and 841(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

CARI ARN, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me this
16th day of October, 2000.

LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE