```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. __00-6310-Cr-WDF__ |
| | ) | Magistrate Judge |
| v. | ) | |
| | ) | |
| MICHEL DELORIS REID | ) | |
| | ) | |
| Defendant. | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **THE STANDING DISCOVERY ORDER** |

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  The government is unaware of any written or recorded statements made by the defendant.

2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached. See Report.

3.  No defendant testified before the Grand Jury.

4.  The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., 7th Flr., Ft. Lauderdale, Fl. 33394. Please call the undersigned to set up a



   date and time that is convenient to both parties.
The undersigned will tentatively set the date for
11/16/00 at 10:00 a.m. Please call the undersigned
with 48 hours notice if you intend to review the
evidence at this date and time.

   The attachments to this discovery response are not
necessarily copies of all the books, papers,
documents, etc., that the government may intend to
introduce at trial. See Attachment.

6.  A laboratory analysis of the substance seized in
connection with this case will be made available to
you upon receipt by this office.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States
requests the disclosure and production of materials
enumerated as items 1, 2 and 3 of Section B of the
Standing Discovery Order. This request is also
made pursuant to Rule 16(b) of the Federal Rules of
Criminal Procedure.

C.  The government will disclose any information or
material which may be favorable on the issues of
guilt or punishment within the scope of <u>Brady v.
Maryland</u>, 373 U.S. 83 (1963), and <u>United States v.
Agurs</u>, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises
of immunity, leniency, preferential treatment, or
other inducements made to prospective government
witnesses, within the scope of <u>Giglio v. United
States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>,
360 U.S. 264 (1959).

E.  The government will disclose any prior convictions
of any alleged co-conspirator, accomplice or
informant who will testify for the government at
trial.

F.  No defendant was identified in a lineup, show up,
photo spread or similar identification proceedings.

G.  The government has advised its agents and officers
involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of
its intent, if any, to introduce during its case in
chief proof of evidence pursuant to F.R.E. 404(b).
You are hereby on notice that all evidence made

2

available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant, at this time.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not

contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     N/A.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time:
Date:    10-14-2000
Place:   FTL International Airport/Customs
Enclosure

The attachments to this response are numbered pages 1 - 4.
Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JEFFREY H. KAY
Assistant United States Attorney
Florida Bar No. 208035
500 E. Broward Blvd., 7th flr.
Ft. Lauderdale, Fl 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

cc:  Special Agent
     Agency

4

**CERTIFICATE OF SERVICE**

 **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 1st day of November, 2000 to: Patrick Hunt, Esquire, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Ft. Lauderdale, Florida 33301.

_____<br>
JEFFREY H. KAY<br>
Assistant United States Attorney

5

A T T A C H M E N T

1. U.S. Customs Declaration - Michel Reid
2. Air Jamaica boarding pass
3. International Travel Services Ltd No. 41083 dated 10-12-00
4. Jamaica passport #2508955
5. U.S. Customs report of investigation




**WELCOME TO THE UNITED STATES**

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

FORM APPROVED
OMB NO. 1515-0041

**CUSTOMS DECLARATION**

19 CFR 122.27, 148.12, 148.13, 148.110, 148.111

Each arriving traveler or responsible family member must provide the following information (only ONE written declaration per family is required).

1. Family Name: Reid
2. First (Given) Name: Michel
3. Middle Initial(s): D
4. Birth Date (day/mo/yr): 12/11/78
5. Airline/Flight No. or Vessel Name or Vehicle License No: Air J.
6. Number of Family Members Traveling With You:
7. (a) Country of Citizenship: Jamaica
7. (b) Country of Residence: Jamaica
8. (a) U.S Address (Street Number/Hotel/Mailing Address in U.S.): 19000 Northwest
8. (b) U.S. Address (City): 18th Ceuth
8. (c) U.S Address (State): Opa Locka
9. Countries visited on this trip prior to U.S. arrival:
   a. N/A
   b.
   c.
   d.
10. The purpose of my (our) trip is or was. (Check one or both boxes, if applicable) — Business ☐  Personal ☑
11. I am (We are) bringing fruits, plants, meats, food, soil, birds, snails, other live animals, wildlife products, farm products; or, have been on a farm or ranch outside the U.S. — Yes ☑  No ☐
12. I am (We are) carrying currency or monetary instruments over $10,000 U.S., or foreign equivalent — Yes ☐  No ☑
13. I have (We have) commercial merchandise, U.S. or foreign (Check one box only) — Yes ☐  No ☑
14. The total value of all goods, including commercial merchandise, I/we purchased or acquired abroad and am/are bringing to the U.S. is: $ (U.S. Dollars)

(See the instructions on the back of this form under "MERCHANDISE" and use the space provided there to list all the items you must declare. If you have nothing to declare, write "- 0 -" in the space provided above.)

**SIGN BELOW AFTER YOU READ NOTICE ON REVERSE**
I have read the notice on the reverse and have made a truthful declaration.

X  M. Reid
       Signature                                Date (day/month/year)
U.S. Customs use only -- Do not write below this line -- U.S. Customs use only

| INSPECTOR'S BADGE NUMBER | STAMP AREA |
| --- | --- |
| TIME COMPLETED | |

Customs Form 6059B (012799)

2

MBJ  9.10 —  9.45 KIN
KIN  10.45 —  1.25 FLL.
FLL  8.00 —  8.40 MBJ



| AIRLINE | SPECIAL INFORMATION |
|---|---|
| AIR JAMAICA | KIN-FLL ONLY |

| FLIGHT | DATE | TO | CLASS | SERVICE INFORMATION |
|---|---|---|---|---|
| JM0087 | 14OCT | FLL | Y | |

| NAME | SEAT NR | 1ST | CLUB | ECON |
|---|---|---|---|---|
| REID M | 6D | | | 6D |

JM0087 14OCT FLL

INTERNATIONAL TRAVEL SERVICES LIMITED
14B MARKET STREET,
SAM SHARPE SQUARE,
MONTEGO BAY, ST. JAMES
TEL: 952-2485, 952-1165, 952-2578

16,000 — 16,000
1×500 — 500

**RECEIPT MB No. 41083**

acct#2

DATE 12/10/00

Received from __Michelle Leio__

The sum of __Sixteen Thousand four Hundred fifty eight__ Dollars _____ Cents for

Ticket No.(s) __201-3352527714__

PARTICULARS OF TICKET

|  | $ | ¢ |
|---|---|---|
| FARE | 13224 | 00 |
| STAMP DUTY | 600 | 00 |
| TRAVEL TAX | 268 | 00 |
| OTHER COLLECTIONS | 2376 | 00 |
| **TOTAL** | 16458 | 00 |

FORM OF PAYMENT __CASH__

AUTHORIZED SIGNATURE __[signature]__

WITH THANKS





6



U.S. IMMIGRATION
068   PEV   #115

OCT 1 4 2000

ADMITTED _____
UNTIL

VISAS

#770   350

UNITED STATES
OF AMERICA

Control Number
20002634740001

Issuing Post Name
KINGSTON

Visa Type /Class
R   B1/B2

Surname
REID

Birth Date
12NOV1978

Nationality
JAM

Given Name
MICHEL DELORIS

Sex
F

Passport Number
2508955

Issue Date
20SEP2000

Expiration Date
18SEP2010

0100

Annotation

39381160

10/14/00

VNJAMREID<<MICHEL<DELORIS<<<<<<<<<<<<<<<<<<
2508955<<2JAM7811126F0009209B310E4299CB54212

7

OFFICIAL USE ONLY

| | |
|---|---|
| DEPARTMENT OF THE TREASURY<br>UNITED STATES CUSTOMS SERVICE | 1. TECS ACCESS CODE 3 |
| REPORT OF INVESTIGATION | 2. PAGE 1 |
| | 3. CASE NUMBER FL13CE01FL0... |

4. TITLE: MICHELE REID / COCAINE IN SAUCE BOTTLES

5. CASE STATUS: INIT RPT

6. REPORT DATE: 101700  7. DATE ASSIGNED: 101600  8. CLASS: 1  9. PROGRAM CODE: 211  10. REPORT NO.: 001

11. RELATED CASE NUMBERS:

12. COLLATERAL REQ:

13. TYPE OF REPORT:
    INVESTIGATIVE FINDINGS / OTHER

TOPIC: CASE OPENING

14. SYNOPSIS:
This report relates to an investigation of Michel Deloris REID, who, on October 14, 2000, attempted to smuggle approximately 1.418kg of cocaine into the United States. REID was travelling from Jamaica and was carrying 14 assorted bottles of soy sauce later found to contain cocaine.

This report also serves to open this investigation.

15. DISTRIBUTION:
RACFL SACMI

16. SIGNATURE:
ABN  CARL  SPECIAL AGENT

17. APPROVED:
MACDONALD  JAMES  OI GRP SUPERVISOR

18. ORIGIN OFFICE: FL  19. TELEPHONE: 954 921 3509
    FT LAUDERDALE - RAC

20. TYPIST: ABN

OFFICIAL USE ONLY

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE US CUSTOMS SERVICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, US CUSTOMS SERVICE TOGETHER WITH A COPY OF THE DOCUMENT.

8

OFFICIAL USE ONLY

| | |
|---|---|
| DEPARTMENT OF THE TREASURY<br>UNITED STATES CUSTOMS SERVICE | 11. PAGE   2 |
| REPORT OF INVESTIGATION<br>CONTINUATION | 12. CASE NUMBER FL13CFIF4002<br>13. REPORT NUMBER: 001 |

On October 14, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale/ Hollywood Inter'l Airport from Kingston, Jamaica, onboard Air Jamaica Flight #87. Michel Deloris REID arrived on this flight and was referred for a secondary Customs inspection. During routine questioning, REID stated that she was a Jamaican citizen and had only visited the United States on two previous occasions. This information was verified through TECS. REID stated that she was coming to Florida for a family reunion in Opalocka. When asked the name of the family, REID hesitated and then stated "Murdock". REID did not, however, know the address of the Murdock family. REID's baggage, which consisted of one checked bag and one carry-on bag, was inspected and found to contain over fifteen (15) bottles of cooking sauces, in two different sizes. REID stated that the sauces were for the reunion. Customs Inspector Haye believed that the bottles seemed overly heavy, based on their sizes and liquid contents. A few of the bottles were X-rayed, but appeared normal. One of the bottles was opened and probed with a bent clothes hanger. A hard substance was discovered several inches from the top of the bottle, making it impossible for the probe to reach the bottom of the bottle.

Two of the bottles were then broken open, one of each size. The contents of both bottles revealed egg shaped balls of a white powdery substance rolled up in black plastic tape. The powder inside field tested positively for cocaine. All of the other bottles were then opened and probed. Fourteen (14) bottles contained other "eggs". It was also noted that all of the bottles containing the "eggs" had been cut at the bottom of the bottles, around the circumference of the bottles. The few bottles that contained only sauce had no visible cut lines.

Based on the sizes and weights of the two "eggs" in the broken bottles, it was estimated that the weight of all of the cocaine hidden in the sauce bottles was 1.418 kilograms.

REID was advised of her rights per Miranda and refused to speak to Agents.

INS officials interviewed REID and an INS hold was placed on her.

Also on that day, REID was transported to the Federal Detention Center in Miami, Florida. The cocaine taken from her baggage was transported to the Seized Property Custodian.

On October 16, 2000, REID appeared in front of Federal Judge Magistrate S now for an initial hearing.

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE US CUSTOMS SERVICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO HEADQUARTERS, US CUSTOMS SERVICE TOGETHER WITH A COPY OF THE DOCUMENT.

9